No. 01-006

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 262N


CITY OF BILLINGS,

Plaintiff and Respondent,

v.

DANIEL E. HARN,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Maurice R. Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Daniel E. Harn, *Pro Se*, Billings, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Jennifer Anders,

Assistant Attorney General, Helena, Montana

Brent Brooks, Billings City Attorney, Billings, Montana

Submitted on Briefs: November 15, 2001
Decided: December 13, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Daniel E. Harn was charged in the Municipal Court of the City of Billings with purposely or knowingly violating an order of protection issued by the district court in Yellowstone County by going to a residence at 1425 Colton, in Billings, Montana, within approximately one-half hour after being served with the temporary order of protection forbidding him from doing so. He pleaded *nolo contendere* in the Municipal Court and was sentenced by that court.

¶3 Harn subsequently appealed to the Thirteenth Judicial District Court, Yellowstone County. He argued that the order of protection had been improperly issued and that the Municipal Court had abused its discretion in sentencing him. The District Court rejected his arguments, affirmed the Municipal Court and remanded for execution of sentence. Harn, appearing *pro se*, now appeals to this Court from the District Court's order, raising the same two issues on appeal raised in that court. We affirm.

## DISCUSSION

¶4 1. Should this Court consider whether the temporary order of protection was validly issued?

¶5 Harn advances a number of arguments pursuant to which he contends this Court should address whether the temporary order of protection he was charged with violating was properly issued. His arguments include his rationale for violating the protection order and

his contentions regarding why the violation should not be considered illegal.

¶6 Harn advances no authority for the propriety or relevance of his arguments insofar as they relate to the validity of the order of protection. Such authority is required by Rule 23 (a)(4), M.R.App.P.

¶7 More importantly, this Court does not have the authority to address the validity of the order of protection in this appeal. That order was issued by the Yellowstone County district court on July 18, 2000, in its Case No. DR-00-0779, and Harn appealed it to this Court. Harn subsequently moved to dismiss his appeal relating to the issuance of the protection order and we granted his motion on February 22, 2001, dismissing the appeal "with prejudice to the merits." We conclude Harn is not entitled to a "second bite of the apple" with regard to the validity of the order of protection and, consequently, we decline to address the arguments he advances in this regard.

¶8 2. Did the Municipal Court err in sentencing Harn?

¶9 On the entry of Harn's *nolo contendere* plea to the charge of violating an order of protection, the Municipal Court sentenced him as follows: 1) six months' jail time, all suspended; 2) a $250 fine, plus a $30 surcharge; 3) a psychiatric dependency evaluation and recommendations; 4) aggression control counseling; and 5) no contact with the victim. Harn advances a number of arguments relating primarily to the psychiatric dependency evaluation, the aggression control counseling and the "no contact" provision, all to the effect that they render the sentence either illegal or an abuse of discretion. We briefly address Harn's arguments in turn, observing at the outset that we review sentences for legality only; that is, we determine whether the sentence is within statutory parameters. We do not review a criminal sentence under an abuse of discretion standard. *See State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15.

¶10 Harn's first argument relating to his sentence is that the combined fine of $250, surcharge of $30 and costs of the psychiatric evaluation and aggression control counseling total more than the $500 maximum fine allowable for a misdemeanor offense. We disagree.

¶11 A fine is a monetary punishment imposed upon a defendant convicted of an offense via a guilty verdict or a plea of guilty or *nolo contendere*. *See* § 46-18-231, MCA (1999). The only fine imposed in this case is in the amount of $250. The statutory surcharge

imposed in the amount of $30 is not a fine and is to be imposed in addition to any fine; such a surcharge is not added to the amount of any fine to determine whether the fine is within the jurisdictional authority of a court not authorized to try felony offenses. *See* § 46-18-236(3), MCA (1999).

¶12 Nor does Harn cite to any authority, as required by Rule 23(a)(4), M.R.App.P., for his theory that the costs of the ordered treatment--the psychiatric evaluation and the aggression control counseling--can be added to the amount of the imposed fine to determine whether it results in a fine exceeding the maximum allowable fine for a misdemeanor offense. As mentioned above, a fine is a fine and a fine does not include surcharges or other direct costs imposed on a convicted defendant. Furthermore, the court did not impose the evaluation and the counseling as costs. "Costs" are expense items specifically incurred by the prosecution in connection with the proceedings against the defendant. *See* § 46-18-232(1), MCA (1999). Thus, we conclude the costs to Harn of the treatment components cannot be added to the $250 fine to support a conclusion that the sentencing court imposed a fine exceeding the maximum allowed by law for a misdemeanor offense, and we further conclude Harn has not established error in this regard.

¶13 Harn also contends that the court erred by failing to take his "indigent status" into account in imposing the fine, surcharge, and psychiatric evaluation and aggression control counseling requirements. It is true that a sentencing judge must take a defendant's financial ability to pay into account in imposing a fine and/or requiring the payment of costs. *See* §§ 46-18-231(3) and 46-18-232(2), MCA (1999). As stated above, no costs were imposed here, and Harn does not contend that he is financially unable to pay the fine. Indeed, it was Harn's counsel who recommended the $250 fine. Moreover, the sentencing court took Harn's ability to pay that amount into account by allowing him to "pay" it through community service. Harn's position is that the sentencing court was required to take his financial ability to pay the treatment-related expenses into account. He cites to no authority for his position, however, as required by Rule 23(a)(4), M.R.App.P. Consequently, we decline to address this argument further.

¶14 Harn also contends that the evaluation and counseling components of his sentence are not appropriate or reasonable requirements in his case. We disagree. A sentencing court may impose reasonable conditions considered necessary for rehabilitation or for the protection of the victim. Section 46-18-201(4)(n), MCA (1999). Here, the sentencing court considered the victim's fear of Harn and of his violent outbursts and rage. The court also

took into account that Harn violated the temporary order of protection less than one-half hour after it was issued, and that Harn continued to want to enter into a pre-nuptial agreement with the victim, his former spouse, who wanted no further contact with him. The court stated that the purpose of the evaluation and counseling was to help Harn because, as it said, it was concerned Harn did not "get" what was happening with regard to the finality of the marital dissolution. On this record, we conclude the evaluation and counseling conditions are reasonable for Harn's rehabilitation and the protection of the victim pursuant to § 46-18-201(4)(n), MCA (1999).

¶15 Next, Harn contends that *State v. West* (1992), 252 Mont. 83, 826 P.2d 940, relied on by the District Court, is neither relevant nor applicable here. Because we do not rely on *West*, we need not address this contention.

¶16 Harn also argues that the psychiatric evaluation, aggression control counseling and "no contact" provisions of his sentence constitute cruel and unusual punishment, deny due process and violate equal protection under the United States Constitution. Harn advances no legal analysis or authorities in support of these positions, as required by Rule 23(a)(4), M.R.App.P. As a result, we decline to address these arguments, except to observe that to the extent any of them--or any of his other arguments--relate to the "fairness" or "equities" of his sentence, they should be addressed to this Court's Sentence Review Division. We review only the legality of a sentence (*Montoya*, ¶ 15), and Harn has failed to establish that the sentence was illegal under these theories.

¶17 Finally, Harn contends that portions of his sentence violate his First Amendment rights to freedom of religion and free speech, as well as his rights to privacy and individual dignity under the Montana Constitution. With regard to his contentions under the Montana Constitution, Harn advances no authority or legal analysis and, therefore, does not meet the requirements of Rule 23(a)(4), M.R.App.P.

¶18 With regard to his First Amendment contentions, Harn characterizes psychiatric evaluations and aggression control counseling as reflecting "secular humanism" which is at odds with his basic Christian beliefs. He maintains that these court-mandated components, which we have concluded are reasonable conditions for rehabilitation and victim protection, constitute the establishing of a religion by the sentencing court. While Harn cites to two United States Supreme Court cases with regard to this theory, neither mandates a conclusion that the sentencing court established a religion via the treatment components at issue, both of which are recognized by the mental health professions and

also under the law.

¶19 We conclude the Municipal Court did not commit legal error in sentencing Harn, and we further conclude the District Court did not err in upholding that sentence.

¶20 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ JIM RICE

/S/ W. WILLIAM LEAPHART